DENNIS, Justice,
dissenting.
I dissent from the denial of writs in this case and in Schouest v. National Union Fire Insurance Co., 478 So.2d 135 (La.1985). Plaintiff stated a cause of action. He alleged that defendants are engaged in a commercial venture using navigable waters of the state, promoting “tubing” on the Tan-gipahoa River; that certain hazards of using the waterway for tubing, swimming, and diving are well known to defendants by virtue of several previous serious accidents and injuries to their customers; that defendants failed to warn plaintiff of the particular dangers of diving into the river from its banks; that the danger of diving into the river from a tree at the particular place where plaintiff was injured was not appar *135 ent because plaintiff observed several of defendants’ other customers dive into the river from the same tree without mishap; that defendant should have known from the previous injuries that the danger was concealed; and that plaintiffs injuries resulted directly from this dangerous condition. Under these facts a reasonable trier of facts could conclude that the defendants breached their duty to warn plaintiff of this danger. The previous court of appeal decisions are distinguishable, erroneous or inapplicable because of the advent of comparative negligence. Accordingly, plaintiff should have been given the right to a trial on these alleged facts, and should not have been summarily denied access to the courts. See Orthmann v. Apple River Campground, Inc., 757 F.2d 909 (7th Cir.1985), holding that plaintiff had stated a claim in a case with almost identical facts.